**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000382
28-JUN-2024
07:52 AM
Dkt. 161 SO**

NO. CAAP-18-0000382


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANELA SAN NICOLAS, INDIVIDUALLY,
AND AS NEXT FRIEND OF H.M., A MINOR,
AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LOUIS MARTIN;
DEBRA ANN N. MAIOHO-POHINA, INDIVIDUALLY,
AND AS NEXT FRIEND OF N.M., A MINOR, Plaintiffs-Appellees, v.
EMBASSY HOUSE, LLP, Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant-Appellee, and STRUCTURAL SYSTEMS, INC.,
Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff-Appellee,
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10, AND DOE ENTITIES 1-10, Defendants.

STRUCTURAL SYSTEMS, INC., Third-Party Plaintiff-Appellee, v.
COLOR DYNAMICS, INC., Third-Party Defendant-Appellant, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10, AND DOE ENTITIES 1-10,
Third-Party Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151001768)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)


Third-Party Defendant-Appellant **Color Dynamics**, Inc.

(or **CDI**), appeals from the Circuit Court of the First Circuit's[1]

---

[1] The Honorable Keith K. Hiraoka presided.

April 18, 2018 Amended Judgment and various orders.  On appeal, Color Dynamics raises ten points of error (**POE**), challenging the circuit court's:  (1) evidentiary rulings (POE 2-7); (2) jury instructions (POE 1); (3) indemnification ruling (POE 8); (4) award of attorney's fees (POE 9); and (5) denial of a new trial (POE 10).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

Embassy House, a multi-story building in Honolulu, contracted with Third-Party Plaintiff-Appellee **Structural Systems**, Inc. (or **SSI**) to make repairs on the building. Structural Systems subcontracted with Color Dynamics to do some of the repairs and painting.  During the course of the project, Color Dynamics' employee, Louis **Martin**, fell to his death from the roof of Embassy House.

Martin's Estate filed a wrongful death complaint against Embassy House and Structural Systems.  Structural Systems in turn filed a third-party complaint against Color Dynamics for indemnification under the subcontract.

Martin's Estate settled with Embassy House and Structural Systems, which the circuit court determined was a good faith settlement.  Only Structural Systems' third-party complaint against Color Dynamics for contractual indemnification remained.

Following a trial, the jury returned a special verdict apportioning negligence for Martin's death as follows:

> Structural Systems - 50%
> Color Dynamics - 48%
> Martin - 2%

2

The circuit court ordered Color Dynamics to indemnify Structural Systems for $768,979.59.  The circuit court also awarded Structural Systems $113,179.00 in attorneys' fees.  Color Dynamics timely appealed.

**(1)**  First, Color Dynamics challenges various evidentiary rulings (POE 2-7),[2] but we conclude only POE 3 has merit.  In POE 3, Color Dynamics argues "the circuit court erred when it disallowed photographs and testimony of the safety guardrails built on the day after the incident[.]"

Hawaiʻi Rules of Evidence (**HRE**) Rule 407 states:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving dangerous defect in products liability cases, ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

In <u>Ranches v. City & County of Honolulu</u>, 115 Hawaiʻi 462, 467-68, 168 P.3d 592, 597-98 (2007), the Hawaiʻi Supreme Court held the HRE Rule 407 exclusion applies to "remedial" measures that respond to an accident or event.

Here, two days prior to Martin's fall, Structural Systems' superintendent instructed its foreman to construct guardrails next to Embassy House's rooftop entrances.  The day after Martin's fall, Structural Systems' foreman installed the guardrails.  Based on this evidence, installation of the guardrails was not a "remedial" response to Martin's fall.

---

[2]  Color Dynamics argues the circuit court erred by:  limiting CDI's cross examination of SSI's expert witness (POE 2); excluding evidence of a post-accident guardrail (POE 3); excluding evidence of a post-accident guardrail after its feasibility was contested at trial (POE 4); excluding lay-witness Stephen Loo from testifying (POE 5); making "inconsistent rulings" favoring SSI and prejudicing CDI (POE 6); and limiting lay witness testimony from Jan Kim and Daniel Chun (POE 7).

Therefore, the circuit court's exclusion of the pictures and testimony of the erected guardrails was improper.

But the record shows Color Dynamics was not foreclosed from asserting Structural Systems' negligence as to worksite safety precautions.  At trial, evidence was adduced as to the instruction to build the guardrail, SSI's control over the accident's location, a guardrail's efficacy in preventing the accident, and Structural Systems' obligation to erect the guardrail.  Thus, the circuit court's error does not demand a new trial.  See Hawaiʻi Revised Statutes (**HRS**) § 641-2 (2016) ("No judgment, order, or decree shall be reversed, amended, or modified for any error or defect, unless the court is of the opinion that it has injuriously affected the substantial rights of the appellant."); Hawaiʻi Rules of Civil Procedure Rule 61 ("No error in either the admission or the exclusion of evidence . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.").

**(2)** Color Dynamics contends, "[w]ithout [its] proposed jury instruction on controlling employers, the jury instructions were prejudicially insufficient since there was no other instruction that set forth the standards in OSHA CPL-2.0.124," an OSHA regulation concerning a "controlling employer's" responsibilities.  Without an instruction referencing OSHA CPL-2.0.124, Color Dynamics argues Structural Systems' legal authority and legal obligations were insufficiently defined for the jury.

Jury instructions are "read and considered as a whole" on review to determine if "the instructions given [were] prejudicially insufficient, erroneous, inconsistent, or misleading."  Nelson v. Univ. of Hawaiʻi, 97 Hawaiʻi 376, 386, 38

4

P.3d 95, 105 (2001) (quoting Hirahara v. Tanaka, 87 Hawaiʻi 460, 462, 959 P.2d 830, 832 (1998)).  "Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial."  Id. (citation omitted).

Color Dynamics' proposed jury instruction defines "controlling employers" as being established by contract, with the "power to correct safety and health violations itself or require others to correct them."

The instructions provided to the jury cited Hawaiʻi Administrative Rule § 12-110-2 and contained standards of care that apply to "all employers with employees doing business in the State."  It defined "prime contractor," stating "the prime contractor assumes all obligations prescribed as employer responsibilities under the law, whether or not any part of the work is subcontracted."  Further, it stated a prime contractor "shall ensure compliance with the requirements of the standards of part 3 of this title from the contractor's own employees as well as from all subcontractor employees on the project."  (Emphasis added.)  Finally, the jury instructions stated "[w]here joint responsibility exists, both the prime and subcontractors are subject to the enforcement provisions of the law[.]"

Comparing Color Dynamics' proposed instruction with the final jury instructions, the inclusion of OSHA CPL-2.0.124 would not have materially changed the instructions regarding Structural Systems' or Color Dynamics' obligations to the employees at the Embassy House worksite.  The provided instructions as a whole were not prejudicially insufficient or erroneous, and therefore the circuit court did not err by excluding Color Dynamics' appealed instruction.

**(3)** Color Dynamics contends it "should not need to indemnify SSI for the 2% comparative negligence attributed to Louis Martin because SSI would not have been liable for those <u>damages</u>." (Emphasis added.) Color Dynamics cites HRS § 663-31 (2016) and argues "the court must, by operation of law, reduce [Color Dynamics'] <u>damages</u> in direct proportion to the amount of negligence attributable to Mr. Martin." (Emphasis added.)

We review the order denying Structural Systems' motion for partial summary judgment on indemnification de novo.[3] <u>See Kamaka v. Goodsill Anderson Quinn & Stifel</u>, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

As relevant to this case, HRS § 663-31 requires the jury to determine the degree of each party's negligence, and also requires <u>damages</u> be reduced in proportion to the deceased's degree of negligence:

> **§ 663-31 Contributory negligence no bar; comparative negligence; findings of fact and special verdicts.**
>
> (a) . . . [A]ny <u>damages allowed shall be diminished in proportion</u> to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.
>
> (b) In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:
>
>> (1) The amount of the damages which would have been recoverable if there had been no contributory negligence; and
>>
>> (2) <u>The degree of negligence of each party expressed as a percentage</u>.
>
> (c) Upon the making of the findings of fact or return of a special verdict, as is contemplated by subsection (b) above, the court <u>shall reduce the amount of the award in proportion to the amount of negligence attributable to the</u>

---

[3] While the circuit court's August 15, 2017 order denied SSI's motion for partial summary judgment, it did so to the extent that "CDI's liability to SSI under the indemnity agreement is contingent upon a determination whether CDI or any of its employees (including Martin) was negligent," otherwise determining the subcontract's indemnity scope.

> person for whose injury, damage or death recovery is made[.]

(Formatting altered and emphases added.)

The subcontract's indemnification clause required Color Dynamics to indemnify Structural Systems:

> [A]gainst claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of [CDI's] Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, . . . but only to the extent caused by the negligent acts or omissions of [CDI], . . . anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.

Based on HRS § 663-31 and the subcontract's indemnification clause, the circuit court divided Color Dynamics' indemnification obligations into two types – damages (settlement amount) and "losses and expenses" (attorneys' fees). The circuit court categorized the settlement amount as damages under HRS § 663-31, attributable to the Estate's wrongful death tort claim. The circuit court then categorized attorneys' fees and costs incurred reaching the settlement as "losses and expenses" "[b]ecause SSI was obligated to defend itself against [Estate's] lawsuit whether or not Martin was ultimately found 51% or more at fault[.]"

The circuit court found "[t]he amount of the settlement paid by SSI represents the amount of 'damages' – after reduction for Martin's comparative negligence – for which CDI is potentially obligated to indemnify SSI." Color Dynamics does not expressly challenge this finding. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (explaining findings of fact "not challenged on appeal are binding on the appellate court"). Based on this finding, the

7

circuit court did not impute Martin's negligence to Color Dynamics with respect to Structural Systems' damages.

In its reply brief, Color Dynamics appears to abandon its challenge regarding indemnification of damages, stating instead that it "is appealing the circuit court's August 15, 2017 Order which states that CDI is liable for Mr. Martin's share of negligence as to 'losses and expenses SSI incurred.'" We do not reach this issue.  In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994) (explaining arguments raised for the first time in the reply brief on appeal will be deemed waived).

**(4)** Color Dynamics contends the circuit court erred in awarding prevailing party attorneys' fees to Structural Systems because "the circuit court should have taken into account Island Insurance's payments (on behalf of their insured CDI) to SSI[.]" Color Dynamics further argues that these awarded fees exceed the statutory maximum allowable under HRS § 607-14 (2016).

The attorneys' fees and costs before the court in Structural Systems' post-trial motion were temporally limited to after the settlement's certification.  Island Insurance's payment of Structural Systems' legal fees occurred pre-trial, within the context of Structural Systems' settlement with the Estate.  Since Island Insurance's payments were unrelated to the fees incurred post-settlement, the circuit court did not abuse its discretion by not considering these payments when considering SSI's motion for attorneys' fees under HRS § 607-14. Kamaka, 117 Hawaiʻi at 105, 176 P.3d at 104 ("The trial court's grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard.") (cleaned up).

HRS § 607-14 limits recoverable fees to "twenty-five per cent of the judgment."  This judgment amount is "assessed on

8

the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff[.]"  HRS § 607-14.  The attorneys' fees awarded to Structural Systems under HRS § 607-14 by the circuit court totaled $113,179.00.  Structural Systems' indemnity award exclusive of attorneys' fees and costs was $768,979.59.  Therefore, the attorneys' fees awarded to Structural Systems did not exceed the statutory maximum.

**(5)** Finally, Color Dynamics contends "the circuit court also abused its discretion when it denied CDI's Motion For a New Trial."  Color Dynamics relies on POE 1 through 9 to support this contention and proffers no further argument.  As discussed above, the points raised do not require a new trial in this case and, thus, the circuit court did not abuse its discretion in denying Color Dynamics' motion for a new trial.

Based on the foregoing, we affirm the circuit court's April 18, 2018 Amended Judgment.

DATED:  Honolulu, Hawaiʻi, June 28, 2024.

On the briefs:

Randall Y. Yamamoto,
Jeffrey Hu,
(Yamamoto Kim)
for Third-Party Defendant-
Appellant Color Dynamics,
Inc.

Wesley H.H. Ching,
Sheree Kon-Herrera,
(Fukunaga Matayoshi Ching &
Kon-Herrera)
for Third-Party Plaintiff-
Appellee Structural Systems,
Inc.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge